# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MORGAN OTTMANN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>CAPITAL MANAGEMENT SERVICES, LP,<br><br>    Defendant. | Case No.: 17-cv-995<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant's collection efforts took place in this District.

## PARTIES

3. Plaintiff Morgan Ottmann is an individual who resides in Milwaukee County, Wisconsin.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely a personal credit card debt.

5. Defendant Capital Management, LLP ("Capital Management") is a is a debt collection agency with its principal offices located at 698 ½ South Ogden Street, Buffalo, NY 14206.

6. Capital Management is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Capital Management is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Capital Management is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or around September 10, 2016, Capital Management mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Bank of America, N.A." ("BoA"). A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A was for an alleged credit card account.

10. The alleged debt identified in Exhibit A was allegedly owed to BoA and was incurred only for personal, family or household purposes.

11. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

12. Upon information and belief, Exhibit A is a form debt collection letter used by Capital Management to attempt to collect alleged debts.

13. Exhibit A represents the balance allegedly owed to BoA as $2992.64.

14. Exhibit A contains the following text:

On behalf of our client, Bank of America, Capital Management Services, L.P. is authorized to accept less than the full balance due as a settlement on the above-mentioned account. Please contact our representatives to discuss a potential settlement on your account.

You may send the settlement payment to Capital Management Services, L.P. at 698 ½ South Ogden Street, Buffalo, NY 14206-2317. Our representatives are trained to offer assistance regarding this obligation. For account inquiries, you may contact Capital Management Services, L.P. by calling 1-888-787-0933 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET. You may also make payments online at www.cms-trans.com.

2

Exhibit A.

15. The statements above are confusing and misleading to the unsophisticated consumer. Such broad, open-ended language is inherently confusing to the consumer and an unfair collection practice.

16. Exhibit A tells the consumer where to send the settlement payment, but gives no details as to when the settlement offer expires or how much the settlement offer is for.

17. The consumer has no way to know from Exhibit A whether or for how long Capital Management and/or BoA would treat a payment sent to the listed address as an actual settlement, i.e. releasing Plaintiff from any remaining liability, of the alleged debt.

18. Capital Management's language leaves open the possibility that the consumer will call the number and get a settlement amount, then make a payment at the settlement amount, only to be informed that the offer has since expired and Capital Management will continue to collect on the remaining balance.

19. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading about the amount of the debt. A payment of the entire debt would leave pennies or, at most, a few dollars left over for payment later. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). Due to the confusing language in Exhibit A, however, Capital Management could continue to collect the remaining balance of the alleged debt, despite receiving payment(s) the consumer believed to be settlement payment(s).

20. Capital Management's misrepresentations are material misrepresentations because they mislead the unsophisticated consumer about the nature of the settlement offer.

21. Plaintiff was confused by Exhibit A.

22. The unsophisticated consumer would be confused by Exhibit A.

23. Plaintiff had to spend time and money investigating Exhibit A.

24. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

25. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

26. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

27. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

29. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

31. Exhibit A includes an offer that is misleading as to the amount necessary to effectuate the settlement and when the offer may expire.

32. A consumer who mails a "settlement" payment to the address listed on the letter, may not have actually settled the claim if Capital Management decides, on its own whim, that the offer expired prior to the payment.

33. Capital Management violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or

5

household purposes, (d) between May 3, 2016 and May 3, 2017, inclusive, (e) that was not returned by the postal service.

35. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(10), 1692f.

37. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

40. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 3, 2017

                                  **ADEMI & O'REILLY, LLP**

By:   /s/ John D. Blythin
       Shpetim Ademi (SBN 1026973)
       John D. Blythin (SBN 1046105)
       Mark A. Eldridge (SBN 1089944)
       Denise L. Morris (SBN 1097911)
       3620 East Layton Avenue
       Cudahy, WI 53110
       (414) 482-8000
       (414) 482-8001 (fax)
       sademi@ademilaw.com
       jblythin@ademilaw.com
       meldridge@ademilaw.com
       dmorris@ademilaw.com

7

Case 2:17-cv-00995-PP   Filed 07/18/17   Page 7 of 7   Document 1